UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL DEVEL WHITENER, | |
|---|---|
| Petitioner, | |
| v. | CAUSE NO.: 3:19-CV-1193-RLM-MGG |
| WARDEN, | |
| Respondent. | |

## OPINION AND ORDER

Michael Devel Whitener, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 19-9-252) at the Indiana State Prison in which a disciplinary hearing officer found him guilty of assault with a deadly weapon in violation of Indiana Department of Correction Offense 102. Following a disciplinary hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and more than two hundred thousand dollars in restitution. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Whitener argues that he is entitled to habeas relief because the hearing officer had too little evidence to find him guilty. He says the correctional officer who issued the conduct report didn't see him stab anyone and that four other staff members also reported that they didn't see him stab anyone.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that

> the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional wrote that two inmates, including Mr. Whitener, fought with a knife and that when the officer told Mr. Whitener to drop the knife, he refused to comply until he was sprayed with mace. Even assuming that no staff members saw Mr. Whitener stab the other inmate, the conduct report, at minimum, indicates that a correctional officer saw Mr. Whitener with a knife in hand shortly after being involved in an altercation. That conduct report constitutes some evidence that Mr. Whitener assaulted the other inmate with a deadly weapon. The claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Mr. Whitener also argues that he is entitled to habeas relief because the hearing officer considered witness statements from individuals without providing advance notice of these witnesses and because Mr. Whitener didn't get a timely hearing. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The right to procedural due process entitled Mr. Whitener to written notice of the charges before the hearing, but he had no right to advance notice of witnesses or to a hearing within a certain period of time after the incident are not among them. See id. at 563-

566; White v. Ind. Parole Bd., 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by Wolff). As a result, these claims are not a basis for habeas relief.

Mr. Whitener argues that he is entitled to habeas relief because he can't afford to pay more than $200,000 in restitution. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009). This argument doesn't relate to the fact or duration of Mr. Whitener's incarceration, so the court can't grant him habeas relief on this basis.

Because it's clear from the petition and attached exhibits that Mr. Whitener is not entitled to habeas relief, the petition is denied. Mr. Whitener doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding, see Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009), but he can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case couldn't be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) WAIVES the filing fee;

(3) DIRECTS the clerk to enter judgment and to close this case; and

(4) DENIES Michael Devel Whitener leave to proceed in forma pauperis on appeal.

SO ORDERED on February 10, 2020

                                                          s/ Robert L. Miller, Jr.
                                                          JUDGE
                                                          UNITED STATES DISTRICT COURT